UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENDRICK FELTON SHORTS                                    CIVIL ACTION

VERSUS                                                    NO. 12-2245

CIA-MR. ALLEN, ET AL.                                     SECTION: "J"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Kendrick Felton Shorts, a state pretrial detainee, filed the instant *pro se* complaint pursuant to 42 U.S.C. § 1983.[1] In this lawsuit, he sued "Mr. Allen," Dale Howard, Derek Howard, Revonda Jackson, Jervetta Howard, Marvin Fabian, David Joseph, Ryan Angelett, Keith Howard, Sr., Kenneth Howard, Sr., Herbert Riley, Sannadra Dunn, Sidney Dunn, and various other unidentified persons.

---

[1] Plaintiff is a frequent litigant in the federal courts. His other cases in this Court include Civil Action Nos. 06-1308 (denied pauper status), 06-1793 (dismissed without prejudice), 06-1796 (dismissed without prejudice), 09-3416 (denied pauper status), 09-3417 (denied pauper status), 09-6793 (dismissed without prejudice), 09-7326 (dismissed without prejudice), 10-1696 (dismissed without prejudice), 10-1697 (dismissed without prejudice), 10-1698 (dismissed without prejudice), 10-1699 (dismissed without prejudice), 10-1700 (dismissed without prejudice), 10-1701 (dismissed without prejudice), 10-1702 (dismissed without prejudice), 10-1703 (dismissed without prejudice), 10-1832 (dismissed without prejudice), 10-1980 (dismissed with prejudice), 10-1981 (dismissed without prejudice), 10-1991 (dismissed with prejudice), 12-1526 (pending), 12-1647 (denied pauper status), and 12-1648 (pending).

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted ...." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In this lawsuit, plaintiff states his claim as follows: "I' looked, at, them, as, they, did, me, the, wrongs,."[2] In an attachment to the complaint, he further states:

> I' was, at, Hotel, with, Mr, Allen, and, some, elses, CIA, of, by, at, location, of, St, Charles, Avenue, Street, N.O, La, of, by, when, I' got, teases, and, gun, put, to, back, of, my, head, of, [illegible], of, by, to, I' crys, and, I' crys, of, by, clicking, trigger, of, the, 380-gun, of, and, they, stop after, so, muches, crys, and, [illegible], around, I' [illegible], in, the, apartment, of, year, 1996, of,[3]

In his prayer for relief, he states:

> I' would like, to, be, CIA, and, get, to, be, billionaire, of, monetary, of, and, that's, be, about, CIA-Mr, Allen, and, other - CIA, of,
> And, elses, I' like, put, on, probations, thoses, others, people, did, me, wrongs, and, that's, they, pays, some, type, fees, of,[4]

Clearly, plaintiff's statement of his "claim(s)" falls far short of what is required under Iqbal. Even broadly construing the complaint,[5] this Court finds that plaintiff has failed to comply with the most rudimentary pleading requirements,[6] much less state a claim on which relief may be granted.

---

[2] Rec. Doc. 1, p. 5.

[3] Rec. Doc. 1, p. 9. Although this statement is confusing and largely unintelligible, the Court notes that it appears strikingly similar to the statement of plaintiff's claims in one of his prior lawsuits from 2010. See Shorts v. CIA, Civ. Action No. 10-1981, 2010 WL 3523042, at *2 (E.D. La. July 19, 2010), adopted, 2010 WL 3523041 (E.D. La. Sept. 1, 2010).

[4] Rec. Doc. 1, p. 5.

[5] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[6] In Iqbal, the Supreme Court also noted:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he

3

The only named defendant even mentioned in the foregoing statements is Allen, but there is no clear statement of a claim against even him.

In summary, plaintiff's complaint is a confusing, unintelligible document from which the Court cannot ascertain the nature of the cause(s) of action and to which the defendants could not reasonably be expected to respond.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

> pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Iqbal, 556 U.S. at 677-78 (citations, quotation marks, and brackets omitted). A complaint which violates Rule 8 may be dismissed when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965); see also Shorts v. Allen, Civ. Action No. 09-6793, 2009 WL 4110374, at *2 (E.D. La. Nov. 24, 2009); Young v. Marriott Corp., Civ. Action No. 92-3318, 1992 WL 329531 (E.D. La. Oct. 29, 1992); Dandridge v. United States Department of Justice, Civ. Action No. 92-3209, 1992 WL 314980 (E.D. La. Oct. 19, 1992); Lowery v. Hauk, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

While a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests. Boudeloche v. Grow Chemical Coatings Corp., 728 F.2d 759, 761-62 (5th Cir. 1984); *In re* "Santa Barbara Like It Is Today" Copyright, 94 F.R.D. 105, 107-08 (D. Nev. 1982).

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-eighth day of September, 2012.

                                                                                 _____
                                                                                 **DANIEL E. KNOWLES, III**
                                                                                 **UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.